UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TEXAS WACO DIVISION

| | |
|---|---|
| RAFAEL MARFIL, VERGE PRODUCTIONS LLC, ENRICO MARFIL, NAOMI MARFIL, KOREY ROHLACK, DANIEL OLVEDA, and DOUGLAS WAYNE MATHES,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF NEW BRAUNFELS, TEXAS,<br><br>*Defendant.* | 6:20-cv-00248-ADA-JCM |

**ORDER GRANTING SUMMARY JUDGMENT FOR CITY OF NEW BRAUNFELS AND DENYING SUMMARY JUDGMENT FOR PLAINTIFFS MARFIL ET AL.**

### I. SUMMARY

The standard governing this issue has not changed from when this case was filed and ruled on. This Motion must be GRANTED considering all of the briefing and in agreement with much of the same logic which lead the magistrate judge in this case to recommended GRANTING the 12.b.6 Motion. Rational basis is the appropriate standard of review governing this Ordinance and is extremely deferential in favor of the city. Even under the lens of the Summary Judgment standard, there remains no genuine dispute of material fact that there are legitimate purposes for which this Ordinance was enacted. **THEREFORE**, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 45) is **GRANTED**. Conversely, Plaintiff's Motion for Summary Judgment (ECF No. 46) is **DENIED.**

1

## II.  BACKGROUND

### 1.  PROCEDURAL HISTORY

Defendant filed a Motion to Dismiss for Failure to State a Claim on 04/22/2020. ECF No. 9. Plaintiff responded on 04/27/2020. ECF Nos. 11, 12. After, a number of motions in support or against the motion were filed. *See* ECF Nos. 13,14. Plaintiff filed a Motion for Preliminary Injunction and filed additional support. *See* ECF Nos. 16,18,19. Defendant responded to that motion on 06/16/2021. ECF No. 17. Plaintiff also filed a motion to amend. ECF No. 15. Ultimately, Judge Manske issued a Report and Recommendation for the failure to state a claim motion. ECF No. 20. That report recommended that this Court GRANT the Motion to Dismiss for Failure to State a Claim and DENY as moot the Motion to Amend. *See id*. This Court Adopted Judge Manske's Report and Recommendation. ECF No. 29. However, the Plaintiff appealed, and the Fifth Circuit overruled this Court's adopted ruling. ECF No. 31. The Fifth Circuit, other than Judge Haynes in dissent, overruled this Court and stated that "some factual development may often occur in these cases." *Id*. Now, after the completion of discovery, the issue appears ripe for a ruling.

### 2.  THE DISPUTE

ECF No. 20, Section I "Background" contains an in-depth review of the non-legal background information related to this case. The issue at large is that the homeowner Plaintiffs allege that the City of New Braunfels housing ordinance violates substantive due process and equal protection under both Texas and the United States constitutions. In addition, or in the alternative, Plaintiffs assert that precedent from Texas law itself preempts this Ordinance.

### 3. REQUESTED RELIEF

The Defendant requests that this Court rule that the ordinance is constitutional in their motion for Summary Judgment. ECF No. 45. The Plaintiffs request contrary relief by requesting that this Court rule that the ordinance is unconstitutional in their own motion. ECF No. 46.

### III. ANALYSIS

**1. No Genuine Dispute of Material Fact for Preserving Residential Character.**

The Court finds compelling that there exists no genuine dispute of material fact in favor of the City of New Braunfels. Specifically, the ordinance limiting short term rentals seems to meet rational basis by preserving residential character. For an initial issue, this Court believes that rational basis is the appropriate standard of review for an ordinance such as the one set by the City of New Braunfels. While Plaintiff does not appear to directly challenge that rational basis should be the applicable standard, the Plaintiff does cite to a number of cases which relied on a different standard of review. In agreement with the Magistrate Judge's recommendation and the surrounding case law, this Court believes that rational basis is the appropriate standard here, Onto the residential character issue, it is true that a city cannot force its citizens to take some actions that would improve the character of the neighborhood. However, in a non-retroactive facing ordinance like this, the question is if this can rationally relate to preservation of the residential character of the neighborhood. This Court can clearly understand how short-term renters could affect the residential character within neighborhoods, specifically those which are zoned for single or dual family living. Plaintiff argues that this logic could be extended to permit the City to force homeowners to have their homes occupied. While it may appear as a tougher distinction to make than it appears on the surface, this Court believes that compelling a homeowner to action is different than preventing one of the numerous options available for renting. In the same way,

an action preventing homeowners from living in their homes or requiring all homeowners to short term rent would be noticeably distinct from the ruling set on this ordinance's distinct facts. The Court does not agree that banning short term rentals is even approachably similar to banning the elderly, or banning single moms, or banning childless couples. The question is not how far rational basis could be stretched in another set of facts which are entirely different from this case. The question is whether this ordinance, as written, can survive rational basis. The preservation of this residential character is supported by both numerous statements from affected residents in New Braunfels and in Fifth Circuit precedence which support protection of residential integrity. *See Hignell Stark v. City of New Orleans*, 46 F.4th 317, 328-29 (5th Cir. 2022); *Yur-Mar, L.L.C. v. Jefferson Parish Council*, 451 Fed. App'x 397, 401 (5th Cir. 2011); *Jackson Court Condominiums v. City of New Orleans*, 874 F.2d 1070, 1078 (5th Cir. 1989). Therefore, this Court finds that there exists a rational basis for this ordinance **at least**[1] for the preservation of residential character.

### 2. Regardless of Patel application, proportionality favors government interest.

The Plaintiff asserts that under the Texas Constitution, an ordinance like this is considered and weighed to see if the government interest is proportional to the limitation on property right. Defendant disputes whether Patel should even be applicable in cases similar to this. This Court does not need to reach that decision. If Patel were to apply, the Plaintiff still loses. While the Plaintiff asserts that there is no government interest, this Court instead finds in the inverse. This ordinance was not retroactive. Therefore this restriction was only applicable to those who in the future wanted to purchasers of  buy or begin renting with the knowledge that this restriction was already in place.

---

[1] This order should not be viewed as denying the other rational basis claims raised by the Defendant.

Thia Court fails to see how it can be unduly burdensome to use a house in accordance with the limitations that were in place when they chose to purchase the additional properties. Those who were grandfathered in will not be stripped of that previously and current enjoyed right. What is left is a small subset who did not previously use the residences as short term rentals and now present a desire to. As noted above, this Court does find that there are rational government interests that would provide weight in this analysis and ultimately if Patel did apply, this Court still believes that summary judgment would be warranted on behalf of the Defendant.

**THEREFORE**, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 45) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 46) is **DENIED.**

So **ORDERED** this 10th of January, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE